IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JED SHARKEY, | |
| Plaintiff, | **4:26CV3070** |
| vs. | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Jed Sharkey ("Plaintiff"), a non-prisoner, filed a pro se Complaint on March 3, 2026. Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis the following day. Filing No. 5.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's claims brought pursuant to 15 U.S.C. §§ 1681e(b) and 1681i may proceed to service of process against all Defendants, and his remaining claim under 15 U.S.C. §1681s-2(b) shall be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"), alleging claims for violations of FCRA §1681i and §1681s-2(b) against defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively "Defendants"). Filing No. 1 at 7-9.

Plaintiff alleges he was sued in Nebraska's Clay County Court for an alleged consumer debt, but the case was dismissed with prejudice on March 11, 2025, "fully extinguishing any legal claim regarding the alleged amount" at issue in the suit. *Id.* at 7. Despite the dismissal and multiple written attempts by Plaintiff to have the debt removed from his credit reports issued by Defendants, none of the Defendants contacted the issuing court or otherwise confirmed the invalidity of the reported debt, ultimately failing to remove the debt from Plaintiff's credit reports based on reporting from the initial creditor regarding the status of the debt. *Id.* at 7-8. The debt remains on Plaintiff's credit reports issued by all three Defendants. *Id.* at 8.

Plaintiff alleges that because of the Defendants' inaccurate investigation and reporting he has been denied credit multiple times, his credit score has been damaged, both resulting in financial loss, and he has suffered and remains emotionally distressed regarding his financial situation directly relating to Defendants' actions. *Id.* He seeks financial damages (statutory, actual, punitive, and consequential) as compensation. *Id.* at 4-5.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  The FCRA regulates credit reporting agencies ("CRAs"), like Experian and Equifax as well as those who "furnish" consumer data to CRAs.  *See* 15 U.S.C. § 1681s-2; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) (noting that Congress began regulating furnishers under the FCRA in 1996 because of "an identified gap in the FCRA's coverage, whereby even dutiful investigations of consumer disputes by CRAs could be frustrated by furnishers' irresponsible verification of inaccurate information, without legal consequence to the furnishers").

3

Here, Plaintiff brings claims against Defendants, all of which as plead are CRAs,[1] under 15 U.S.C. §1681i and §1681s-2(b).   However, §1681s-2(b) governs the "[r]esponsibilities of furnishers of information to [CRAs]," and does not apply to CRAs. *See* 15 U.S.C. § 1681s-2(b) (governing "[d]uties of furnishers of information upon notice of dispute").  As Plaintiff does not name the furnisher who provided Defendants with the reported information regarding the debt as a defendant, and as all defendants named in the Complaint do not appear to be furnishers, any claim under §1681s-2 cannot proceed.[2]

The FCRA, however, also places responsibilities on CRAs. *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir 2014).  "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a claim for violation of § 1681e(b), "a plaintiff must allege (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports, (2) the report in question was, in fact, inaccurate, (3) the plaintiff suffered injury, and (4) the consumer reporting agency's failure caused the plaintiff's injury.  *McCarter v. FD Holdings, LLC*, No. 4:20CV3080, 2021 WL 1120998 at

---

[1] CRAs are "companies that regularly disseminate information bearing on an individual's 'credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016) (quoting 15 U.S.C. § 1681a(d)(1)); *see also* 15 U.S.C. § 1681a(f).

[2] 15 U.S.C. § 1681s-2(a) requires "furnishers" to "provide accurate information" to CRAs, and then, if informed by a CRA that a consumer is disputing any information appearing on their credit report, requires furnishers to "conduct an investigation with respect to the disputed information" pursuant to § 1681s-2(b). "If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified," the furnisher must "promptly" "modify," "delete," or "permanently block the reporting of" "that piece of information."  *See* § 1681s-2(b)(1).  If a furnisher fails to discharge its duties under § 1681s-2(b), the consumer may sue the furnisher for money damages. *See Johnson v. Collecto, Inc.,* 127 F.Supp.3d 1012, 1017 (D. Minn. 2015).

4

*3 (D. Neb. Mar. 24, 2021) (citing *Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015)).

Under § 1681i, the FCRA provides the procedure to be followed in the event a consumer disputes the accuracy of information contained in his or her report. 15 U.S.C. § 1681i. If a consumer, such as Plaintiff, directly or indirectly disputes "the completeness or accuracy of any item of information contained in [the] consumer's file at a consumer reporting agency, ... the agency shall, free of charge conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). Within 30 days of notice of the dispute, the CRA must either record the status of the disputed information or delete the information if it is inaccurate, incomplete or unverifiable. *Id.* The CRA must also notify the furnisher of the disputed information of the consumer's dispute within five business days of being notified by the consumer. 15 U.S.C. § 1681i(a)(2). In conducting the requisite reinvestigation, the CRA must "review and consider all relevant information submitted by the consumer." 15 U.S.C. § 1681i(a)(4). A negligent violation of § 1681i subjects the CRA to actual damages resulting from the violation, court costs, and reasonable attorney's fees. 15 U.S.C. § 1681o.

Here, Plaintiff alleges Defendants failed to perform a reasonable investigation after he directly disputed a reported debt, notifying them that the reported debt was deemed extinguished by the state courts (and providing them with documentation supporting his claim), and that Defendants continue to publish inaccurate information related to that debt and attributing the information to Plaintiff in their reports. Filing No. 1 at 7-8. He also alleges that he has lost financial opportunities because of the inaccuracy of its reports

5

and has suffered financial harm due to his inability to obtain credit because of the same. *Id.* at 8.

The Court finds that at this stage of the proceedings the allegations are sufficient to state a claim for violations of §1681i against all Defendants. And, although not specifically raised by Plaintiff, the allegations set forth in the Complaint are also sufficient to state a claim for violation of § 1681e(b) against all Defendants.  As such, the matter shall progress following service of process as set forth herein.

IT IS THEREFORE ORDERED:

1.   The following claims and parties will be dismissed or proceed further as described below:

a.  Plaintiff's claims brought pursuant to 15 U.S.C. §1681s-2(b) against all Defendants are dismissed without prejudice.[3]

b.  Plaintiff's claims brought pursuant to 15 U.S.C. §§ 1681e(b) and 1681i may proceed to service of process against all Defendants.

2.  To obtain service of process on Defendants Experian, Equifax, and Trans Union, Plaintiff must complete and return the summons forms that the Clerk of Court will provide. The Clerk of Court shall send three summons forms and three USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

---

[3] To the extent Plaintiff seeks to bring claims against a furnisher Plaintiff must seek leave to amend his Complaint by written motion.

3.    The Clerk of Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing No. 1, and this Memorandum and Order to the United States Marshals Service for service of process on Defendants Equifax, Experian, and Trans Union.[4]

4.    The Marshals Service shall serve Defendants Equifax, Experian, and Trans Union by certified mail or other authorized method of service.  *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).  For service by certified mail or designated delivery service, the Marshals Service shall send the summons to Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

5.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6.    Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7.    Plaintiff is hereby notified that failure to obtain service of process on each Defendant within 90 days of the date of this order may result in dismissal of this matter

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8.  Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket.  The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

9.     The Clerk of Court is directed to set a case management deadline in this case with the following text: **September 8, 2026**: service of process to be completed.

10.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

Dated this 8th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court